**TESTA HECK SCROCCA & TESTA, P.A**
  By:   Justin R. White
         jwhite@testalawyers.com
424 W. Landis Avenue
Vineland, NJ 08360
Phone: (856) 691-2300
Fax: (856) 691-5655

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC** | : | CIVL ACTION |
| | : | |
| Plaintiff | : | Docket No: 2:12-cv-05091 (SRC) (CLW) |
| | : | |
| vs. | : | |
| | : | |
| **JOHN DOES 1-22** | : | |
| | : | |
| Defendants | : | |
| | : | |

### LEGAL BRIEF IN SUPPORT OF THE MOTION
### TO QUASH SUBPOENA and/or DISMISS BY
### <u>DEFENDANTJOHN DOE # 14, IP ADDRESS 68.36.171.246</u>

*On the Brief: Justin R. White*

## TABLE OF CONTENTS

                                                                  **PAGE**

TABLE OF CONTENTS.................................................................…   i

TABLE OF CITATIONS ...............................................................…   i

**BRIEF**

INTRODUCTION ........................................................................…   1

BACKGROUND ..........................................................................…   2

LEGAL ARGUMENT ...................................................................…   4

      I.      The Subpoena should be Quashed
             because it is sought in Bad Faith.................................   4

      II.     The Subpoena should be Quashed
             because John Doe # 14 is Improperly Joined.................   6

CONCLUSION ...............................................................................…   9

## TABLE OF CITATIONS

**CASES**                                                                                 **PAGE**

AF Holdings, LLC v. Does 1-97,
2011 U.S. Dist. LEXIS 126225 (N.D. Cal. 2011)........................................   8

Boy Racer, Inc. v. Doe,
2011 U.S. Dist. LEXIS 103550 (N.D. Cal. 2011)…………………………..   6

Boy Racer, Inc. v. John Does 1-60,
2011 U.S. Dist. LEXIS 92994 (N.D. Cal. 2011)……………………….....   9

Coughlin v. Rogers,
130 F.3d 1348 (9th Cir. 1997)……………………….................................   7

George v. Smith,
507 F.3d 605 (7th Cir. 2007)……………………….................................   7

Gillespie v. Civiletti,
629 F.2d 637 (9th Cir. 1980)……………………...................................... 5

Hard Drive Prods., Inc. v. Does 1-30,
2011 U.S. Dist. LEXIS 119333 (E.D. Va. 2011)............................................ 8

Hard Drive Prods., Inc. v. Does 1-888,
809 F. Supp. 2d 1150 (N.D. Cal. 2011).......................................................... 8

K-Beech, Inc. v. John Does 1-41,
2012 U.S. Dist. LEXIS 31803 (S.D. Tex. 2012)………………………....... 7

K-Beech, Inc. v. John Does 1-85,
3:11-cv-469 (E.D. Va. 2011)…………………………................................. 2

Kwanzaa v. Brown,
2007 U.S. Dist. LEXIS 43797 (D.N.J. 2007)…………………….............. 5

Malibu Media, LLC v. John Does 1-10,
2:12-cv-3623 (C.D. Cal. 2012)......................................................................... 2, 4, 7

On the Cheap, LLC v. Does 1-5011,
280 F.R.D. 500 (N.D. Cal. 2011)........................................................... 6

On the Cheap, LLC v. Does 1-501,
2011 U.S. Dist. LEXIS 998831 (N.D. Cal. 2011).......................................... 8

Paladino v. Newsome,
2012 U.S. Dist. LEXIS 113748 (D.N.J. 2012)................................................ 7

Raw Films, Inc. v. Does 1-32,
2011 U.S. Dist. LEXIS 149215 (N.D. Ga. 2011).......................................... 7

Raw Films, Inc. v. Does 1-32,
2011 U.S. Dist. LEXIS 114996 (E.D. Va. 2011)........................................... 8

SBO Pictures, Inc. v. Does 1-3036,
2011 U.S. Dist. LEXIS 137361 (N.D. Cal. 2011).......................................... 7

Swan v. Ray,
293 F.3d 1252 (11th Cir. 2002)....................................................................... 6

Third Degree Films v. Doe,
2011 U.S. Dist. LEXIS 128030 (N.D. Cal. 2011).............................................. 8

| **FEDERAL RULES of CIVL PROCEDURE** | **PAGE** |
|---|---|
| Fed. R. Civ. P. 20.............................................................................................. | 6, 9 |
| Fed. R. Civ. P. 26.............................................................................................. | 4 |
| Fed. R. Civ. P. 45.............................................................................................. | 4 |

# INTRODUCTION

Plaintiff, Malibu Media, LLC, has filed a single Complaint alleging that the 22 John Doe defendants have infringed upon its copyrights in numerous pornographic videos. The Complaint alleges that the John Does worked together to unlawfully copy and distribute Malibu Media's copyrighted material.

Fictitious defendant John Doe # 14, identified as having an IP address of 68.36.171.246, denies the Plaintiff's allegations, and has not even heard of Malibu Media's allegedly copyrighted works.

John Doe # 14 moves to quash to subpoena served by Malibu Media upon John Doe # 14's internet service provider, Comcast. (Subpoena, Exhibit "A"). Comcast provided notice of the subpoena to John Doe # 14 by way of correspondence dated September 18, 2012. (Correspondence from Comcast, Exhibit "B")[1]  The subpoena should be quashed because it is sought in bad-faith and is overly broad. Alternatively, the subpoena should be quashed because John Doe # 14 is improperly joined in this case, and should be dismissed.

---

[1] Redacted of all personal identifiers.

## BACKGROUND[2]

Plaintiff, Malibu Media, LLC, allegedly owns the copyrights to a number of pornographic videos. As the Court is likely aware, pornographic material is a staple of the internet. Plaintiff has filed this suit alleging that certain internet users -- the 22 "John Doe" defendants -- have worked together in distributing the pornographic material.[3]

Given the anonymous nature of the internet, the Plaintiff does not know the identity of the persons who allegedly infringed upon the Plaintiff's copyrights. The Plaintiff, at this point, is only armed with IP addresses associated with the download of its works. An IP address is the identification assigned to a particular computer connected to the internet.

In an effort to obtain the individual internet subscriber associated with said IP addresses, the Plaintiff has subpoenaed the internet service providers for these IP addresses -- e.g. Comast, Verizon -- for records identifying the 22 "John Doe" subscribers. Importantly, the subpoenaed information would only disclose the individual that <u>subscribes</u> (i.e. pays the bill) for the internet service associated with an IP address. The information sought would <u>not</u> disclose the individuals that actually <u>use</u> the IP address.

---

[2] As derived from the Order entered by Judge Otis D. Wright of the Central District of California in the case of <u>Malibu Media, LLC v. John Does 1-10</u>, docket number 2:12-cv-3623 (C.D. Cal. 2012). A copy of Judge Wright's memorandum and Order is attached as Exhibit "C". Further background on the "economics of pornographic copyright lawsuits" is set forth in the Order entered by Judge John A. Gibney, Jr. of the Eastern District of Virginia in the case of <u>K-Beech, Inc. v. John Does 1-85</u>, docket number 3:11-cv-469 (E.D. Va. 2011). A copy of Judge Gibney's memorandum and Order is attached as Exhibit "D".

[3] This type of lawsuit is something of a cottage industry of the Plaintiff, which has similar lawsuits pending throughout the country. A review of PACER shows that in the year 2012 alone, Malibu Media has filed an additional 20 such lawsuits in District of New Jersey, 43 such lawsuits in the Eastern District of Pennsylvania, 16 such lawsuits in the Southern District of New York, and 43 such lawsuits in the Eastern District of New York.

For example, a subpoena to Comcast might disclose that "Mr. Brown" pays for internet service at IP address 111.222.333. However, the subpoena would <u>not</u> reveal that Mr. Brown's wife, son, cousin, neighbor and random hacker were the actual people that sat down at Mr. Brown's computer and/or otherwise <u>used</u> the internet service that Mr. Brown subscribed to.

Accordingly, the subpoenaed material will <u>not</u> show the identity of the person or persons that misappropriated Malibu's allegedly copyrighted pornography. To uncover those individuals, Malibu Media would have to engage in extensive, expensive and highly intrusive discovery. Malibu Media is well aware that its shortcoming of information will not be remedied by subpoenaed materials from Comcast and the other internet service providers. However, Malibu Media does not intend to take this case so far as to have to prove who misappropriated its material.

Rather, Malibu Media's *modus operandi* is to substitute the person that pays the internet bill (as revealed by the subpoenaed information) as a party defendant. Facing the inherent humiliation, stigma, and strained family relations given the nature of this litigation, wholly innocent internet subscribers will pay Plaintiff a discounted settlement to resolve the allegations against him or her as quickly and quietly as possible.

In other words, newly substituted defendant "Mr. Brown" will likely find it preferable to pay Malibu Media a few thousand dollars, rather than retaining counsel and expending great sums of money to show that it was actually Mr. Brown's son that infringed upon Malibu Media's copyright interest in works with salacious titles such as "Jennifer Naughty Angel." Plaintiff is attempting to use the Court as a means to essentially extort payment from the Does, regardless of whether or not these individuals actually infringed upon any of the copyrighted pornography.

By way of further background, the manner in which the subject pornographic material was allegedly "shared" by the various John Does was through something called the BitTorrent protocol. As explained by Judge Wright (<u>see</u> Exhibit "C" hereto), BitTorrent differs from other file sharing technology in that it does not connect users to a central repository for the transfer of files. Rather, files shared via BitTorrent exist in a "swarm," with tiny pieces of a complete file -- e.g. a pornographic video -- distributed amongst numerous BitTorrent users.

The "tiny pieces" possessed by each individual BitTorrent user are useless on their own, and only become useful (viewable) once a BitTorrent user "assembles" <u>all</u> of the pieces. This is significant because, for example, an individual might use a John Doe defendant's IP address to download just one "tiny piece" of one of Malibu Media's videos. This individual might then, for whatever reason, discard the "tiny piece" or forego downloading <u>all</u> of the other requisite "tiny pieces." The result would be that the individual using the John Doe defendant's IP address would never actually possess a usable copy of Malibu Media's allegedly copyrighted material. All this individual would have would be an incoherent scrap of binary code, rather than a viewable pornographic video.

## **LEGAL ARGUMENT**

### I. **The Subpoena should be Quashed <u>because it is sought in Bad Faith.</u>**

The subject subpoena should be quashed as it is sought in bad faith. Its intent is to annoy, embarrass, oppress and ultimately extort a payment of money from John Doe # 14.

A party issuing a subpoena has a duty to avoid undue burden on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). The Court is empowered to enforce this duty. <u>Id.</u> Also, Fed. R. Civ. P. 26(c)(1) provides that for good cause, a court may forbid discovery that may cause a party or person annoyance, embarrassment, oppression, or undue burden or expense.

A plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Kwanzaa v. Brown, 2007 U.S. Dist. LEXIS 43797 (D.N.J. 2007), citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)

In this case, the subpoena issued by Malibu Media to Comcast will not identify the alleged copyright infringer(s).  And, as follows below, the claims against John Doe # 16 should also be dismissed on the ground of misjoinder.

As stated, John Doe # 14 is merely a subscriber to Comcast's internet service, which entitles him to an IP address.  John Doe # 14 knowingly shares a computer and said IP address with his family, and perhaps unknowingly shares the IP address with persons who "hack" or otherwise access his IP address for the purpose of downloading and uploading computer files.

In any event, because John Doe # 14's name is the only identity associated with IP address 68.36.171.246, his is the only information that would be released to Malibu Media pursuant to the subject subpoena.  Plaintiff is engaging in an over-inclusive method of identifying people associated with IP addresses which may or may not have downloaded the subject pornographic videos.  Plaintiff's reliance upon the John Doe defendants' IP addresses is a flawed method of identifying those persons who may (or may not have) infringed upon the copyrighted works.

Importantly, Plaintiff's subpoena will not identify the actual BitTorrent users suspected of violating the alleged copyrights -- i.e. individuals who might be legitimate defendants.  To learn that information, the Plaintiff would need access to each of the 22 John Doe's computers, as well as all computers that have ever shared the various John Does' networks.

Thus, to sue the individuals that actually downloaded the Plaintiff's copyrighted materials, "presumably every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest, or other sharing his internet access, would be fair game." See Boy Racer, Inc. v. Doe, 2011 U.S. Dist. LEXIS 103550 at *7 (N.D. Cal. 2011).

Of course, Malibu Media has no intention of engaging in the intrusive and expensive discovery necessary to actually uncover the persons that allegedly misappropriated its works. Rather, the Plaintiff's goal is to extract quick settlements just below the cost of defense. See On the Cheap, LLC v. Does 1-5011, 280 F.R.D. 500, 504 (N.D. Cal. 2011) (holding that the copyright holder to adult films could not join multiple John Doe defendants).

Should the subject subpoena not be quashed, John Doe # 14's identity will be released to the Plaintiff. Even though Plaintiff will never be in a position to prove that John Doe # 14 ever had anything to do with the Plaintiff's pornographic material, John Doe # 14 will have to decide if the cost and embarrassment of litigating this case are worth it. In all likelihood, it would be easier, and cheaper, just to pay the ransom that will surely be demanded by the Plaintiff.

Accordingly, the Court should quash the subpoena. The Court should not enable the Plaintiff's fishing expedition for defendants from which to it plans to extort quick settlements.

## II. The Subpoena should be Quashed because John Doe # 14 is Improperly Joined.

Alternatively, John Doe # 14 is an improperly joined defendant. There is not a threshold showing that he -- or a person using # 14's IP address -- ever acted or otherwise coordinated with the other 21 John Does in infringing upon the Plaintiff's copyrighted works.

The joinder of defendants is governed by Fed. R. Civ. P. 20. That rule is to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252,

1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. <u>See</u>, <u>e.g.</u>, <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007); <u>Coughlin v. Rogers</u>, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Fed. R. Civ. P. 21, misjoinder of parties is not a ground for dismissing an action. Instead, a court faced with a complaint improperly joining parties may at any time, on just terms, add or drop a party. The court may also sever any claims against a party. <u>Paladino v. Newsome</u>, 2012 U.S. Dist. LEXIS 113748 (D.N.J. 2012) (citations omitted).

At most, Plaintiff alleges a single common question of <u>law</u> in that the 22 John Does are alleged to have committed similar copyright violations. However, Plaintiff cannot properly allege that any right to relief is asserted jointly or severally, or that any of the alleged copyright violations arise out of the same series of transactions.

The claim that joinder is proper based on BitTorrent and similar file-sharing protocols has been reviewed and almost <u>universally rejected</u> by various courts. <u>See</u>, <u>e.g.</u>, <u>Malibu Media v. John Does 1-10</u>, docket number 2:12-cv-3623 (C.D. Cal. 2012)[4] ("Malibu offers no evidence justifying the joinder of the Doe Defendants...[t]he loose proximity of the alleged infringements does not show that these Defendants participated in the same swarm"); <u>K-Beech, Inc. v. Does 1-41</u>, 2012 U.S. Dist. LEXIS 31803, 9-10 (S.D. Tex. 2012); <u>Raw Films, Inc. v. Does 1-32</u>, 2011 U.S. Dist. LEXIS 149215 (N.D. Ga. 2011) (finding that the "swarm" joinder pleading tactic was not appropriate where the differing dates and times of each Defendant's alleged sharing did not allow for an inference that the Defendants were acting in concert); <u>SBO Pictures, Inc. v. Does 1-3036</u>, 2011 U.S. Dist. LEXIS 137361 (N.D. Cal. 2011) (holding that "the Court cannot conclude that a Doe Defendant who allegedly downloaded or uploaded a portion of the Motion Picture on

---

[4] Attached hereto as Exhibit "C".

May 11, 2011 [and] a Doe Defendant who allegedly did the same on August 10, 2011 . . . were engaged in the single transaction or series of closely-related transactions recognized under Rule 20."); Third Degree Films v. Doe, 2011 U.S. Dist. LEXIS 128030 (N.D. Cal. 2011) (Rule 20 not satisfied even though defendants were alleged to be part of a common swarm where Doe defendants downloaded the protected work at various dates and times ranging over a period of several months); AF Holdings, LLC v. Does 1-97, 2011 U.S. Dist. LEXIS 126225 (N.D. Cal. 2011) (holding that "even though Plaintiff has alleged that Doe Defendants entered into the same swarm and were downloading the same seed file, Plaintiff has not alleged that any of the ninety-seven Doe Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another."); Hard Drive Prods., Inc. v. Does 1-30, 2011 U.S. Dist. LEXIS 119333 (E.D. Va. 2011) ("Plaintiff relies on this 'swarm' theory to claim that the Doe Defendants acted in concert through a series of transactions to commit the infringement, giving rise to proper joinder...[t]he Court, however, disagrees with this conception of proper joinder under the Federal Rules of Civil Procedure."); Raw Films v. John Does 1-32, 2011 U.S. Dist. LEXIS 114996 (E.D. Va. 2011) ("The mere allegation that the defendants have used the same peer-to-peer network to copy and reproduce the Work -- which occurred on different days and times over a span of three months -- is insufficient to meet the standards of joinder set forth in Rule 20."); On The Cheap, LLC v. Does 1-501, 2011 U.S. Dist. LEXIS 99831 (N.D. Cal. 2011 ("I find that plaintiff has not established that joinder would be proper under FRCP 20(a)(2) merely because defendants used BitTorrent to download the same film."); Hard Drive Prods, Inc. v. Does 1-188, 809 F. Supp. 2d 1150 (N.D. Cal. 2011) ("Even if joinder of the Doe Defendants in this action met the requirements of Rule 20(a)...the Court finds it is appropriate to exercise its discretion to sever and dismiss all but one Doe Defendant to avoid causing prejudice and

unfairness to Defendants, and in the interest of justice."); <u>Boy Racer v. Does 1-60</u>, 2011 U.S. Dist. LEXIS 92994 (N.D. Cal. 2011) ("Allegations that defendants used a single peer-to-peer network to download plaintiff's works -- on different days, at different times, and through different ISPs -- is insufficient to allow plaintiff to litigate against sixty different defendants in one action.")

As previously set forth, the subject subpoena should be quashed because it is served in bad-faith. Alternatively, it should be quashed because John Doe # 14 is an improper defendant. Even if his true identity was revealed by way of the subpoenaed information, the Plaintiff's complaint would have to be dismissed at to him. Plaintiff's claims do not arise out of the same transaction, occurrence or series of transactions or occurrences as required by Fed. R. Civ. P. 20.

Accordingly, Plaintiff's subpoena must be quashed, and all claims should be severed except those claims against John Doe # 1. Plaintiff must re-file separate and discrete actions against John Does 2-21.

## CONCLUSION

In light of the above, it is respectfully requested that the subpoena issued to Comcast for the records of John Doe # 14, IP address 68.36.171.246, be **quashed**, and all claims against him be dismissed, as he is an improper defendant.

**TESTA HECK SCROCCA & TESTA, P.A.**

Dated: October 12, 2012          BY:          *s/ Justin R. White*
                                              JUSTIN R. WHITE
                                              Attorney for Defendant,
                                              John Doe # 14, IP address 68.36.171.246