Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No. 2:12-cv-05091-SRC-CLW |
| Plaintiff, | |
| v. | |
| JOHN DOES 1-22, | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO LEGAL BRIEF IN SUPPORT OF THE MOTION TO QUASH SUBPOENA AND/OR DISMISS BY DEFENDANT JOHN DOE #14, IP ADDRESS 68.36.171.246 [DKT. 7-1]

1

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................ 5

II.    THIS COURT SHOULD NOT QUASH THE SUBPOENA ........................ 7

    A.    Defendant's IP Address Is the Only Way to Identify the Infringer ....... 8

    B.    Defendant's Defenses Are Premature at This Stage of the Litigation Process ................................................ 11

    C.    Plaintiff's Settlements are Proper ..................................... 12

III.    JOINDER IS PROPER ................................................ 14

    A.    The Infringement Occurred Through a Series of Transactions ............. 15

        i.    Here, Plaintiff Properly Pled a Series of Transactions ................. 16

        ii.    The Supreme Court Allows Joinder When The Defendants Do Not Directly Interact With Each Other ................................. 17

    B.    The Time Period For Infringement ..................................... 19

    C.    There Are Common Issues of Fact and Law ....................... 20

    D.    Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable ......................................... 21

    E.    Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage ......................................... 22

    F.    The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here ..................................... 23

IV.    CONCLUSION ......................................... 24

## TABLE OF AUTHORITIES

AF Holdings, LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012) ...................................................................12

Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ............................... 6

Call of the Wild Movie, 770 F.Supp.2d at 343)....................................................23

Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011) ...................................................................................................20

Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005) .......................................................................... 6

Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).................................................................................. 8

Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012)...........................................21

Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992)...........15

Hard Drive Prods v. Does 1-188, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb 3, 2011) ...................................................................................................23

K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC (M.D. Fla. 2011) ....................................................................................................23

K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) .. 5

Kwanzaa v. Brown, 2007 U.S. Dist. LEXIS 43797 (D.N.J. 2007)........................ 8

Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309. *7 (S.D. Cal. Feb. 24, 2012).................................................................................................23

Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012) ..................................................................................................... 5

Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012) ..................................................................................................... 6

Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012) ...........................................................15, 20

Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP (M.D. Fla. July 6, 2012)..................................................................................................9, 13

Marbury v. Madison, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803) ...................11

Marek v. Chesny 473 U.S. 1, 11 (1985)................................................................13

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ...................15

Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012)..........................................................................20

On The Cheap, LLC v. Does 1-5,011, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) ........................................................................................................23

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012) ................................................................................................. 5

Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D.N.J. Jan 6, 2012) ................................................................................................. 5

Patrick Collins, Inc. v. John Does 1-15, 11-CV-02164-CMA-MJW, 2012 WL 415436 (D. Colo. Feb. 8, 2012)..........................................................23

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012) ........................................... 17, 19, 20, 22

Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012)..........................................................22

Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ...........................................................5, 17, 22

SBO Pictures, Inc. v. Does 1-3036, 2011 U.S. Dist. LEXIS 137361 (N.D. Cal. 2011) ........................................................................................................23

Sosa v. DirectTV, 437 F. 3d 923, 937 (9th Cir. 2006)..........................................13

Third Degree Films v. Does 1-36, 11-CV-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012) ........................................................................................ 8

United States v. Mississippi, 380 U.S. 128 (1965) ...............................................17

Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 35 (D.D.C. 2011)....11

## I.   **INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper.  This Court has recently issued opinions addressing the same issues in BitTorrent copyright infringement actions, holding that all similar motions should be denied because joinder of the Defendants was proper.  See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("[T]he Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D.N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

Other Courts in the Third Circuit have reached similar conclusions.  See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012);  Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); Malibu Media, LLC v. John Does 1-

22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012). "There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested relief. Plaintiff's copyright infringement action is contemplated by modern law and shall proceed." Id.

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II.    THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. See Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. See Fed. R. Civ. P. 45(c)(3)(B)(i-iii). Defendant has failed to demonstrate any of the requirements of Rule 45(c)(3) choosing instead to rely on meritless accusations of bad faith and improper motive. Accordingly, Defendant's motion should be denied.

Defendant has argued in passing that this Court should quash the subpoena on the basis of undue burden, but has not demonstrated that any undue burden actually exists. Def.'s Mot. p. 4. Further, a claim of undue burden is not a valid reason to quash the subpoena when Defendant is a third party and not the recipient of the subpoena. Defendant also argues for quashing the subpoena based upon annoyance, embarrassment, oppression, and expense but has completely failed to support these arguments as well. The Eastern District of Michigan addressed the

potential for embarrassment/reputational injury nothing that "[a]lthough the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." Third Degree Films v. Does 1-36, 11-CV-15200, 2012 WL 2522151 (E.D. Mich. May 29, 2012).  All defendants in lawsuits face some reputational risk.  This is not a reason to quash a subpoena and prevent Plaintiff from bringing its valid claim against Defendant.

### A.   Defendant's IP Address Is the Only Way to Identify the Infringer

The information Plaintiff seeks is not overly broad and is the only possible way to identify the infringer.  Defendant cites Kwanzaa v. Brown, 2007 U.S. Dist. LEXIS 43797 (D.N.J. 2007), for the proposition that Plaintiff should be allowed to discover the identities of the Defendants "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Def.'s Mot. p. 5.  Here, it is not clear that the infringer's identity would not be discovered or that the complaint would be dismissed on other grounds.  "Fed. R. Civ. P. 26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter."  Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067, at *14 (E.D. Pa. Mar. 26, 2012).  When addressing the issue of whether the infringer is the account holder of the IP

8

address, the Court stated "[t]hese are not grounds on which to quash a subpoena otherwise demonstrated to be proper.  The moving Doe may raise these and any other nonfrivolous defenses in the course of litigating the case." Id.

Here, Plaintiff is only seeking the basic identifying information of the Doe Defendants.  "The information sought by Plaintiff falls squarely within this broad scope of discovery and is therefore warranted in this matter." Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, *4 (M.D. Fla. July 6, 2012).  "[T]he Court finds that any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery." Id. at *5.

An individual using Defendant's IP Address illegally downloaded Plaintiff's copyrighted work.  Even assuming it was not the Defendant, under the broad discovery provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service.  "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, we are of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in

this case, where there is no other way to identify the proper defendants and proceed with claims against them." <u>Malibu Media, LLC v. John Does 1-15</u>, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

Further, Plaintiff uses the same process as Federal Law Enforcement to identify cyber crimes. In a Statement of Deputy Assistant Attorney General Jason Weinstein before the Senate Judiciary on Privacy, Technology and the Law, he discusses how Federal law enforcement use IP addresses to identify an individual.

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[1]

While, as Defendant suggests, this process may not be 100% accurate, it is the most accurate and likely way to identify the person responsible for the use of that IP address. The only way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet was used to commit the infringement. With out this ability, copyright owners would have a right without a remedy. Any such state of affairs would violate Chief Justice Marshall's often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he

---

[1] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law available at www.justice.gov.

received an injury." <u>Marbury v. Madison</u>, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).

**B.** **<u>Defendant's Defenses Are Premature at This Stage of the Litigation Process</u>**

Defendant denies having committed the infringement and claims to have never heard of the copyrighted works involved. Denials of infringement are not a basis to quash the subpoena and are premature at this point in the litigation process. See <u>Voltage Pictures, LLC v. Does 1-5,000</u>, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena.") The Court in <u>Voltage</u> noted that general denials of liability were not a basis to quash a subpoena and prevent Plaintiff from learning the identity of the subscriber of the IP address. If this were the case, Plaintiff would be denied critical information necessary in order to address the merits of the claim.

> It may be true that the putative defendants who filed motions and letters denying that they engaged in the alleged conduct did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of their assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the <u>plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses in this case.</u> In other words, if these putative defendants are named as defendants in this case, they may deny allegations that they used BitTorrent to download and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against them. <u>A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the</u>

<u>plaintiff from obtaining the putative defendants' identifying information.</u>

<u>Id.</u> (Emphasis added.)

That being said, after Defendant is named and served Plaintiff will consider all exculpatory evidence pursuant to its Rule 11 obligation before advancing its claim. Because Defendant admits to sharing his IP address with his family, if the Defendant did not personally commit the alleged infringement, it is likely that a member of his family did or, at the very least, has information relevant to resolving Plaintiff's claims. Finally, although hacking is extremely rare, any evidence of hacking will be properly considered after Defendant has been served.

**C.   <u>Plaintiff's Settlements are Proper</u>**

"At this stage, the plaintiff is attempting to identify those infringing its copyright so that it may investigate the feasibility of proceeding in lawsuits against them. That the plaintiff chooses, after obtaining identifying information, to pursue settlement or to drop its claims altogether is of no consequence to the Court." <u>AF Holdings, LLC v. Does 1-1,058</u>, CIV.A. 12-0048 BAH, 2012 WL 3204917 at *17 (D.D.C. Aug. 6, 2012). Defendant mischaracterizes Plaintiff's purpose for engaging in settlement activities, suggesting that simply the fact that a Defendant named in litigation may be offered a settlement constitutes improper litigation tactics. This is incorrect. Prior to actually proceeding against defendants, it is proper to contact them to discuss settlement options. The only difference between

this case and the countless others filed every day by other plaintiffs in a broad array of civil litigation is that the Plaintiff does not have the ability to identify the defendants before the suit is filed.

> The John Doe Defendant's argument about coercive settlements is simply without any merit in those cases where the John Doe Defendant is represented by counsel. And, second, the John Doe Defendants' argument is misguided in that this type of case creates special circumstances that would require judicial review of any motivation to settle, and the Court is not inclined to create a special proceeding to inform any particular John Doe Defendant of a right which is obviously commonly known, i.e. his or her right to defend and litigate this lawsuit.

Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, *7 (M.D. Fla. July 6, 2012) (emphasis added).

The Supreme Court has stated that public policy favors resolutions through settlement. "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." Marek v. Chesny 473 U.S. 1, 11 (1985). Further, Plaintiff has a First Amendment right under the petition clause to make the demand. See Sosa v. DirectTV, 437 F. 3d 923, 937 (9th Cir. 2006) (holding "the protections of the Petition Clause extend to settlement demands as a class," including those made during and prior to a suit.)

13

## III.   **JOINDER IS PROPER**

Numerous Courts around the country have found joinder proper in copyright infringement BitTorrent actions.  See Exhibit A.  Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

Recently this Court, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> Plaintiff's Complaint sufficiently alleges common questions of law or fact by asserting identical claims against all of the Doe Defendants in this action and suing only those Doe Defendants in the exact same swarm. Therefore, the Court finds joinder in this action is proper and declines to sever any John Doe Defendant from this action.

Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D.N.J. Jan 6, 2012).  Likewise, all of the Doe defendants in this case participated in the same swarm.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." <u>Ginett v. Computer Task Group, Inc.</u>, 962 F.2d 1085, 1094 (2d Cir. 1992) (<u>quoting</u> 6A Wright, Miller & Kane § 1581). "Here, the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences'." <u>Malibu Media, LLC v. John Does 1-5</u>, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012).

## A.   <u>The Infringement Occurred Through a Series of Transactions</u>

"Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

<u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent

Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i.   <u>Here, Plaintiff Properly Pled a Series of Transactions</u>

Plaintiff alleges that its investigator, IPP Limited, was able to receive a piece of Plaintiff's copyrighted movie from each Defendant.  In order for Plaintiff's investigator to have received this piece, each alleged infringer must have had part of Plaintiff's movie on his or her computer and allowed others to download it.

There are four possible ways that each Defendant may have received the piece of the movie that was sent to IPP Limited.  First, the Defendant may have directly connected with the initial seeder and downloaded a piece of the file directly from the initial seeder's computer.  Second, the Defendant may have directly connected to and received a piece of the movie from a seeder who downloaded the movie from the initial seeder or other infringers.  Third, the Defendant may have connected to or received a piece of the movie from other Defendants that received the movie from the initial seeder or other infringers.  Fourth, the Defendant may have connected to or received a piece of the movie from other infringers who downloaded from other Defendants, other infringers, other seeders, or the initial seeder.

"In other words . . . at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads

from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP." <u>Patrick Collins, Inc. v. John Does 1-21</u>, 2012 WL 1190840, at *5 (E.D. Mich. Apr. 5, 2012). Each defendant participated in the same series of transactions. These transactions are all reasonably related, not just because Defendants used BitTorrent, but also because Defendants utilized the computers of others to download the same file, and allowed others to access their computer to receive it.

The Honorable Mary McLaughlin of the Eastern District of Pennsylvania addressed this exact issue in a similar BitTorrent copyright infringement action. Judge McLaughlin held joinder was proper because the claims arise out of the same series of transactions. <u>Raw Films v. John Does 1-15</u>, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

<u>Id.</u>

### ii.   <u>The Supreme Court Allows Joinder When The Defendants Do Not Directly Interact With Each Other</u>

In <u>United States v. Mississippi</u>, 380 U.S. 128 (1965) the Supreme Court found that the joinder of six defendants, election registrars of six different counties,

was proper because the allegations were all based on the same state-wide system designed to enforce the voter registration laws in a way that would deprive African Americans of the right to vote.  Although the complaint did not allege that the registrars directly interacted with each other, or even that they knew of each other's actions, or that each other's actions directly affected each other in any way, the Supreme Court interpreted Rule 20 to hold a right to relief severally because the series of transactions were related and contained a common law and fact.  Id. at 142-143.

> [T]he complaint charged that the registrars had acted and were continuing to act as part of a state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color.  On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, the defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.

### B.    The Time Period For Infringement

The nature of the BitTorrent protocol provides for continuous seeding and distributing of the movie long after it has downloaded.  Without stopping the program by physically un-checking the automatic seeding, an alleged infringer likely will seed and distribute a movie for an extended period of time.  As the Eastern District of Michigan explained the technology, even after an infringer has completed a download of the movie, he or she may distribute the movie for weeks after having received the download.

> [I]t is not that an infringer would wait six weeks to receive the Movie, it is that the infringer receives the Movie in a few hours and then leaves his or her computer on with the Client Program uploading the Movie to other peers for six weeks. Because the Client Program's default setting (unless disabled) is to begin uploading a piece as soon as it is received and verified against the expected Hash, it is not difficult to believe that a Defendant who downloaded the Movie on day one, would have uploaded the Movie to another Defendant or peer six weeks later. This consideration, however, is irrelevant since concerted action is not required for joinder.

Patrick Collins, Inc. v. John Does 1-21, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012) (emphasis added).  Here, Plaintiff's investigator received a piece of the movie from the defendants when they were allegedly distributing it to others.

The Southern District of New York, in recognizing that the concept of joinder is adaptable to changing technological landscapes impacting the complexity of lawsuits stated, "[w]hile the period at issue may therefore appear protracted by ordinary standards, the doctrine of joinder must be able to adapt to

the technologies of our time." <u>Malibu Media, LLC v. John Does 1-5</u>, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012).  The Michigan Court further explained that time constraints should not impact that the infringements occurred through a series of transactions.  "[T]he law of joinder does not have as a precondition that there be temporal distance or temporal overlap; it is enough that the alleged BitTorrent infringers participated in the same series of uploads and downloads in the same swarm." <u>Patrick Collins, Inc. v. John Does 1-21</u>, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012.)

### C.   <u>There Are Common Issues of Fact and Law</u>

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." <u>Nu Image, Inc. v. Does 1-3, 932</u>, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012).  The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." <u>Call of the Wild Movie v. Does 1-1,062</u>, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

"Here, common questions of law and fact are present. Defendants are all accused of violating the same copyright laws. Additionally, the interconnectedness of using BitTorrent to complete the alleged acts creates common questions of fact. Consequently, we find that this low standard is satisfied." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

### D.   Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Joinder is also proper when, as here, a plaintiff pleads joint and several liability. See Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative".  In this case Plaintiff pled both joint and several liability.

> Relief May be Sought "Jointly, Severally, or in the Alternative": It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D.  "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to

relief jointly against Defendants *and* severally.  Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally."  <u>Patrick Collins, Inc. v. John Does 1-21</u>, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### E.   <u>Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage</u>

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants.  "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency."  <u>Patrick Collins, Inc. v. John Does 1-33</u>, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

The Eastern District of Pennsylvania has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety."  <u>Raw Films, Ltd. v. John Does 1-15</u>, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

Although Doe Defendants may later assert different factual and legal defenses, this does not defeat joinder at this stage of the litigation.  "The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the

commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at *12 (M.D. Fla. 2011). See also Patrick Collins, Inc. v. John Does 1-15, 11-CV-02164-CMA-MJW, 2012 WL 415436 (D. Colo. Feb. 8, 2012) (same) (quoting Call of the Wild Movie, 770 F.Supp.2d at 343).

### F.   The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here

Defendant cites various cases in an effort to avoid joinder.  Some of the cases cited by Defendant have hundreds, if not thousands, of defendants joined together in.  See On The Cheap, LLC v. Does 1-5,011, 2011 WL 4018258 (N.D. Cal. Sept. 6, 2011) (5,011 defendants); see also SBO Pictures, Inc. v. Does 1-3036, 2011 U.S. Dist. LEXIS 137361 (N.D. Cal. 2011) (3,036 defendants).   In these cases the courts faced substantially different procedural problems than the joining of 22 defendants.

Defendant also relies on Hard Drive Prods v. Does 1-188, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb 3, 2011).  Courts have expressly distinguished Hard Drive Prods, holding joinder is proper in cases just like this one, where all of the Defendants participated in the same BitTorrent swarm.   See Liberty Media Holdings, LLC v. Does 1-62, 2012 WL 628309. *7 (S.D. Cal. Feb. 24, 2012).

Here, unlike *Hard Drive Prods.,* where it was unclear whether all one hundred and eighty eight doe defendants were part of the same "swarm," Plaintiff alleges all Defendants participated in the same

<u>"swarm" and all of the IP addresses identified downloaded and shared</u>
<u>the same unique "hash" (a file identifier)</u> [Compl, ¶ 3.] This allegation
supports Plaintiff's claim that Doe Defendants "collectively" infringed
on Plaintiff's copyright.

<u>Id.</u> (Emphasis added).   Just like in <u>Liberty Media</u>, Plaintiff has alleged all

Defendants participated in the same "swarm" and all of the IP addresses identified

downloaded and shared the same unique "hash".

IV.    **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny

the subject motion.

DATED this 22th day of October, 2012

Respectfully submitted,

By: <u>/s/*Patrick Cerillo*</u>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 22, 2012 I electronically filed the foregoing
document with the Clerk of the Court using CM/ECF and that service was
perfected on all counsel of record and interested parties through this system.

By: <u>/s/ *Patrick Cerillo*</u>