Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT
OF NEW JERSEY**

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-22, <br><br> Defendants. | Case No. 2:12-cv-05091-SRC-CLW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO QUASH AND
ISSUE A PROTECTIVE ORDER AND MOTION FOR LEAVE TO
PROCEED ANONYMOUSLY [DKT #8]**

1

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 5

II.  PLAINTIFF DOES NOT OBJECT TO DEFENDANT PROCEEDING ANONYMOUSLY ................................................................................................ 7

III. JOINDER IS PROPER......................................................................................... 7

    A.   The Infringement Occurred Through a Series of Transactions.............. 8

        i.   Series of Transactions Explained By the Michigan Court ............... 9

    B.   Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable .................................................................11

    C.   There Are Common Issues of Fact and Law ........................................12

    D.   Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage ...................................................13

    E.   The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here .............................13

IV.  THE COURT SHOULD NOT QUASH THE SUBPOENA .........................15

V.   CONCLUSION................................................................................................18

# TABLE OF AUTHORITIES

Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ................................ 5

BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) .......... 13

Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011) ...................................................................................................... 11

Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005) ................................................................................ 5

Genetic Technologies Ltd. v. Agilent Technologies, Inc., 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) .......................................... 10

Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004) ............................................................ 13

K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at*12 (M.D. Fla. 2011) ................................................................................................ 13

K-Beech v. Does 1-78, 5:11-cv-05060-BMS, (E.D. Pa. Oct. 13, 2011) .................. 14

K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) .. 4

LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) ....................... 13

Malibu Media, LLC v. John Does 1-15, 2:12-cv-02090-BMS ............................... 14

Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012) ...................................................................................................... 4

Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012) ...................................................................................................... 5

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ...................... 7

Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012) ............................................................................... 11

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012) ................................................................................................. 4, 7

Patrick Collins Inc. v. John Does 1-21, 2:11-cv-05173 BMS, DE 17 (E.D. Pa. Nov. 8, 2011) ................................................................................................. 14

Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D.N.J. Jan 6, 2012) ...................................................................................................... 4

Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840 (E.D. Mich. Apr. 5, 2012) ..................................................................... 8, 11

Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012) ................................................................. 12

Patrick Collins, Inc. v. John Does 1-9, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012) ................................................................................................................17
Raw Films v. John Does 1-15, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012) ................................................................................................................................10
Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ..................................................................................................4, 12
Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004)................................................................................12

I.     **INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper.  This Court has recently issued opinions addressing the same issues in BitTorrent copyright infringement actions, holding that all similar motions should be denied because joinder of the Defendants was proper.  See K-Beech, Inc. v. John Does 1-39, 2:11-cv-04776-FSH-PS, (D.N.J. Jan. 6, 2012) ("[T]he Court finds that Plaintiff is entitled to the information in the subpoenas provided to the ISPs so that it may effect proper service upon Defendants once their identities are discovered."); see also Patrick Collins Inc., v. John Does 1-43, 2:11-cv-04203-FSH-PS (D.N.J. Jan 6, 2012) ("Plaintiff has also sufficiently alleged a central need for the subpoenaed information to advance the claim as it seems there is no other way for Plaintiff to obtain the information is seeks in order to go forward with its copyright infringement claim.")

Other Courts in the Third Circuit have reached similar conclusions.  See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012);  Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); Malibu Media, LLC v. John Does 1-

22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012). "There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested relief. Plaintiff's copyright infringement action is contemplated by modern law and shall proceed." Id.

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." In re Charter Communications, Inc., Subpoena Enforcement Matter, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in Arista Records, LLC. v. Doe 3, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II. PLAINTIFF DOES NOT OBJECT TO DEFENDANT PROCEEDING ANONYMOUSLY

Plaintiff does not object to Defendant proceeding anonymously for the limited purpose of filing this motion if the Court determines it is proper for Defendant to do so. Further, Plaintiff does not object to filing Defendant's information under seal.

## III. JOINDER IS PROPER

Contrary to Defendant's assertions in his Motion, this Court along with many others, have allowed joinder in BitTorrent copyright infringement actions. Fed.R.Civ.P. 20(a) permits joinder when: (1) there is the "same transaction or occurrence" or (2) a "series of transactions or occurrences" or (3) claims upon which the Defendant asserts the right to relief jointly or "severally" against the Defendants. Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability. Plaintiff has done both here.

Recently the Eastern District of Pennsylvania, consistent with the above analysis, issued an opinion stating that joinder was proper because the claims against each Defendant are logically related and clearly contain common questions of law and fact.

> After considering the parties' filings in the present matter, we find that severance would be inappropriate at this time. Plaintiff's allegation that Defendants downloaded and shared the same file, were part of the same swarm, and are contributorily liable for each others' infringement is sufficient to establish, at this stage of the proceedings, that the claims against each Defendant are logically related and therefore arise out of the same transaction, occurrence, or series of transactions and occurrences. Further, Plaintiff's infringement claims against each Defendant clearly contain common questions of law and fact. While we recognize that each Defendant may later present different factual and legal defenses, that does not defeat the commonality that supports joinder at this stage.  Therefore, Defendant's motion to sever will be denied without prejudice.

Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG, *3 (E.D. Pa. May 7, 2012).

### A.     The Infringement Occurred Through a Series of Transactions

"Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent

8

Trackers would have caused the entire series of transactions to be different <u>but</u> <u>for</u> each of the Defendants' infringements.

### i.  Series of Transactions Explained By the Michigan Court

Recently, Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expanding substantial effort to understand the allegations in the complaint and the applicable law. Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

> Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.
> By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

<u>Patrick Collins, Inc. v. John Does 1-21</u>, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012). Significantly, Judge Randon than explained that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

9

> If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
> 1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
> 2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or
> 3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
> 4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.
> In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

Id. Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

> Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Id.

The Honorable Mary McLaughlin addressed this exact issue in a similar BitTorrent copyright infringement action.  Judge McLaughlin held joinder was

10

proper because the claims arise out of the same series of transactions.  <u>Raw Films v. John Does 1-15</u>, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work to another Doe defendant, the Court is satisfied at this stage of the litigation the claims against each Doe defendant appear to arise out of the same series of transactions or occurrences, namely, the transmission of pieces of the same copy of the Work to the same investigative server.

<u>Id.</u>

### B. Joinder is Proper Because Plaintiff Properly Pled Defendants Were Jointly and Severally Liable

Joinder is also proper when, as here, a plaintiff pleads joint and several liability.  <u>See</u> <u>Genetic Technologies Ltd. v. Agilent Technologies, Inc.</u>, 11-CV-01389-WJM-KLM, 2012 WL 1060040 (D. Colo. Mar. 28, 2012) ("It is uncontested that Plaintiff does not assert joint or several liability here, which would be a separate basis for joinder.")

Rule 20(a) provides for "any right to relief jointly, severally, or in the alternative".  In this case Plaintiff pled both joint and several liability.

> **Relief May be Sought "**Jointly**, Severally, or in the Alternative":** It is *not* necessary that each plaintiff or defendant be involved in every claim set forth in the complaint. Thus, for example, if there are several plaintiffs (e.g., driver and passenger in auto accident), each may seek *separate* relief. Likewise, if there are several defendants, relief may be sought against each of them separately, or against all of them jointly. [FRCP 20(a); *Dougherty v. Mieczkowski* (D DE 1987) 661 F.Supp. 267, 278]

11

Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-D. "[C]oncert of action, *i.e.,* a right to relief jointly, is not a precondition of joinder. Plaintiff asserts a right to relief jointly against Defendants *and* severally. Therefore, the first clause of Rule 20(a)(2)(A) is satisfied by the assertion of a right severally." Patrick Collins, Inc. v. John Does 1-21, CIV.A. 11-15232, 2012 WL 1190840, at *8 (E.D. Mich. Apr. 5, 2012).

### C.     There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact. "The Plaintiff meets this requirement. In each case, the Plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012). The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

### D. Joinder Promotes Judicial Efficiency and Doe Defendants Cannot Demonstrate Prejudice At This Stage

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

The Eastern District of Pennsylvania has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

### E. The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here

Defendant cites various cases in an effort to avoid joinder. Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit. See (1) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (2) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist.

13

LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (3) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23). Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm. As the Middle District of Florida states, "[t]he Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)." K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at*12 (M.D. Fla. 2011).

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced. In LaFace, eleven recording studios sued over dozens of copyrights. The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol. Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to

14

one computer and gets the whole file. Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent. And, Plaintiff alleged that the Defendants were distributing the pieces to each other. Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other. Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants. This is yet another basis to hold that joinder is proper.

Further, Defendant relies on <u>K-Beech v. Does 1-78</u>, 5:11-cv-05060-BMS, (E.D. Pa. Oct. 13, 2011) where the Honorable Schiller severed an early BitTorrent case. Since this opinion, Judge Schiller has ruled joinder is proper in several BitTorrent infringement suits. <u>See e.g.</u> <u>Patrick Collins Inc. v. John Does 1-21</u>, 2:11-cv-05173 BMS, DE 17 (E.D. Pa. Nov. 8, 2011) (denying motion to sever); <u>Malibu Media, LLC v. John Does 1-15</u>, 2:12-cv-02090-BMS, DE 13, 16 (denying motion to dismiss and/or sever complaint and motion to quash).

**IV. <u>THE COURT SHOULD NOT QUASH THE SUBPOENA</u>**

This Court has determined that Plaintiff has established good cause to issue the Rule 45 subpoena prior to a Rule 26(f) Conference on the Internet Service Providers to determine the Defendants identities. Doc. 6. Defendant has not provided a valid reason to quash the subpoena and his Motion should be denied.

15

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. See Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. See Fed. R. Civ. P. 45(c)(3)(B)(i-iii).

Defendant has not provided a reason listed above to quash the subpoena. Indeed, Defendant has not provided any reason. Defendant relies on conduct from other plaintiffs in other cases to create an improper purpose on Plaintiff. As stated above, Plaintiff does not object to Defendant proceeding anonymously. Further, Plaintiff does not intend to harass Defendant or improperly extract a settlement. It is appropriate prior to and during the litigation process for the parties to speak with each other. It is also appropriate to offer a settlement. Defendant cannot point to any improper conduct by Plaintiff. His accusations are nothing more than an attempt to discredit Plaintiff so that he may avoid liability for copyright infringement.

Recently, the Central District of Illinois addressed this issue at length, in a near identical case. The Court noted that the plaintiff its defending its intellectual property rights, thousands of people are infringing, and the proliferation of the law suits are expected given the volume of infringement. Settling disputes earlier is generally a positive outcome.

> Doe/4 argues that Collins is abusing the judicial process by participating in a for-profit copyright infringement lawsuit cottage industry. Doe/4 argues that pornographers are filing these types of lawsuits all over the country with no intention of litigating their claims of infringement. The pornographers file the suits, subpoena the names of customers with IP addresses, and extract settlements out of the customers with threats of embarrassing them by naming them on the public record. Several courts apparently have been persuaded by with this argument. *See Motion,* at 2–3 and cases cited therein.
>
> **One person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights**. The Work may or may not be pornographic, but Collins has alleged that it owns the copyright to the Work and, if so, is entitled to the same protections as the owners of any other copyrighted work. Doe/4 concedes that thousands and thousands of people use peer-to-peer systems like BitTorrent to infringe copyrighted material like the Work. Indeed, Doe/4's joinder argument depends on the contention that many thousands of people are anonymously and illegally copying the Work over the Internet. The proliferation of these types of lawsuits would be expected given the alleged infringement by thousands of people. The volume of lawsuits alone does not indicate any impropriety.
>
> **The fact that Collins, and others, may settle these suits quickly also does not indicate any wrongdoing. Settlement of civil disputes is generally a positive outcome, not a negative one.** Doe/4 also claims the settlement amounts are small; the small amounts, however, may again reflect the value of the claim and the cost of litigation, nothing more.

> Doe/4 further makes no showing that Collins is fabricating a false claim. Doe/4 does *not* allege that Collins pulled the Alleged IP Addresses out of thin air without a good faith basis to believe those addresses were used to download the Work. Doe/4 does *not* challenge any of the procedures used by Collins' investigator to identify infringing IP addresses, including the Alleged IP Addresses. Doe/4 does *not* dispute that the Alleged IP Addresses were used to download and upload portions of the same unique copy of the Work. Doe/4, thus, does *not* dispute that Collins traced the Alleged IP Addresses to this District. Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.

<u>Patrick Collins, Inc. v. John Does 1-9</u>, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012) (emphasis added).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 5th day of November, 2012

Respectfully submitted,

By: <u>/s/*Patrick Cerillo*</u>

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: <u>/s/*Patrick Cerillo*</u>