IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
**DISTRICT JUDGE CHESLER, MAGISTRATE JUDGE WALDOR**

Civil Action No. 12-cv-5091

MALIBU MEDIA, LLC.

    Plantiff,

v.

JOHN DOES 1-22,

    Defendants

## DEFENDANT JOHN DOES #9's MOTION TO QUASH SUBPOENA

I, John Does #9 defendant, in the above styled cause, hereby files the following Motion to Quash Subpoena issued to Comcast Cable Communications, LLC. as set forth in the Memorandum in Support attached hereto.

Respectfully Submitted,

_____

John Doe #9

Pro se

Dated: NOVEMBER 6, 2012

## MEMORANDUM IN SUPPORT

### BACKGROUND

On September 27, 2012 I received a letter from my ISP regarding a subpoena, which included a copy of the Court Order. From accounts of previous defendants of Kotzker Law Group and other such practices, these subpoena notifications are followed by demand letters. These letters -- which demand thousands of dollars to avoid dealing with their lawsuit -- and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

To cut court costs while suing as many individuals as possible, Plaintiff's counsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include thousands of defendants across the nation. Kotzker Law Group and associates representing Liberty Malibu Media, LLC have over 30 similar lawsuits in California, Virginia, Colorado, District of Colombia, Pennsylvania, and New York. In a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255, the court notes before dismissal:*

> If the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed in lingers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

## STATEMENT OF FACTS

Defendant Doe #9 (hereinafter referred to as "Doe") received a letter from Comcast Cable Communications, LLC. ( referred to as "Comcast") indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends that this subpoena is overbroad as it requests information that is unnecessary for Plaintiff to effect service. Doe contends plaintiff has improperly joined 22 individual defendants based on entirely disparate alleged acts. Doe contends that an IP address is not equitable to a person. Doe further contends this cause poses an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven via Exhibit A which includes a copy of the letter from Comcast (personal info redacted) and a copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some leeway with regards to Fed. R. Civ. P. 11 particularly those requiring the filer's phone number and email.

## LEGAL ARGUMENT

### 1) Plaintiff Has Improperly Joined 22 individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff s joinder of 22 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts

across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 W L 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 W L 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Docs 1-25*, No. 6:04-cv-197-Or1-22DAR, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 W L 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth*

*Century Fox Film Corp., et al., v. Does 1-12,* No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work with a single "unique" hash. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 7-203, 2004 WL 953888, at \*1.*

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-27, from the case. *See* Fed. R. Civ. P. 21.

**2) The subpoena received by Comcast is overbroad and Does are ambiguous.**

As explained in the Court's Order filed in the instant case, Plaintiff intends its Order be for the limited purpose of identifying these Doe Defendants. However, the subpoena received by Comcast and sent to Defendant requests "1) Name; 2) Present address; 3) Telephone numbers; 4) Email addresses; and 5) Media Access Control ("MAC") addresses." Plaintiff has gone beyond the limited purpose of identifying the Does by asking for items 3 through 5. In order to comply with the Court order, Comcast may provide more information than is necessary for Plaintiff to effect service. In order to effect service, all Plaintiff needs is Doe's name and address. The subpoena in the instant case does not have the narrow scope of the information sought. A narrow scope would be Plaintiff requesting just the names and addresses used to identify the user of the IP addresses on the date and time listed. Plaintiff requests significantly more information and therefore, this subpoena is overbroad. Further, the subpoena received by Comcast is overbroad in that there is no proof that the person whose information Plaintiff receives acted in any way to violate any copyright law. At most, Plaintiff may be able to implicate an unknown computer rather than a person.

**3) Internet Protocol ("IP") addresses do not - by themselves - qualify as personal information, capable of accurately identifying an individual.**

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068), Judge Harold A. Baker writes in an order denying expedited discovery:

> Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

From an opinion in his response to an interlocutory appeal (bold added for emphasis):

> In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iphones, and ipads of the homeowner and his wife were seized in the raid. **Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections** (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011).
>
> The list of IP addresses attached to VPR'S complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISP's include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. **The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.**

>VPR argues that, if served with a subpoena, the ISP's are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. **The potential filing of a motion to quash is no reason to abandon the adversarial process.** As VPR points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See Lightspeed Media Corp. v. Does 1 - 100, Case No. 1:10-cv-05604, d/e 16 (N.D. 111.) (seeking leave to add Does 101 - 1000 as defendants). In Hard Drive Productions, Inc. v. Does 1 - 1000, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.

In questioning whether expedited discovery could be used to extort quick settlements, even from people who have done nothing wrong, Judge Baker states that:

>"the embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."

*VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068)

### 4) Undue Burden

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the

plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject Doe to intrusive public scorn as an alleged unlawful copier of pornography.

## 5) Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands this Order violates due process by allowing the identified Defendant to be subjected to the Plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the Defendants, or a Rule 26(f) conference between parties.

WHEREFORE, Defendant John Doe #9 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause. Respectfully submitted,


_____
Jon Doe #9
Pro Se


Dated: NOVEMBER 6, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on 11/06/2012, I served a copy of the foregoing document via US Mail, on:

>Jason Kotzker
>
>The Kotzker Law Group
>
>9609 S. University Blvd., #632134
>
>Highlands Ranch, Co. 80163

And via Fax on:

>Comcast Cable Communications, LLC
>
>NE&TO
>
>650 Centerton Road
>
>Moorestown, NJ 08057
>
>(866) 947-8572 Tel
>
>(866) 947-5587 Fax

_____

John Doe #9

Pro se

Dated: NOVEMBER 6, 2012