NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | |
| | : | Civil Action Nos. |
| | : | 12-CV-5091 (SRC) (CLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DOES 1-22, | : | **OPINION AND ORDER** |
| | : | |
| Defendants. | : | |

**CHESLER, United States District Judge**

Currently before the Court are the following motions:

- Defendant John Doe # 14's ("John Doe 14") motion to quash Plaintiff Malibu Media, LLC's ("Plaintiff") subpoena pursuant to Federal Rule of Civil Procedure 45 ("Rule 45") issued to Comcast and/or Dismiss (Dkt. No. 7, "John Doe 14 Motion");

- Defendant John Doe # 21's ("John Doe 21")[1] motion to dismiss, or in the alternative, to quash and issue a protective order to proceed anonymously (Dkt. No. 8, "John Doe 21 Motion");

---

[1] Some of the John Doe Defendants filing motions pertinent to this opinion did not identify themselves by their John Doe number. However, Exhibit A to Plaintiff's Amended Complaint identifies which John Doe number is assigned to each IP address. (Dkt. No. 19, Exhibit A).

1

- Defendant John Doe # 11's ("John Doe 11") motion to dismiss and/or sever the complaint and quash (Dkt. No. 9, "John Doe 11 Motion");

- Defendant John Doe # 9's ("John Doe 9") motion to quash (Dkt. No. 13, "John Doe 9 Motion");

- Defendant John Doe # 7's ("John Doe 7") motion to quash and issue a protective order to proceed anonymously (Dkt. No. 17, "John Doe 7 Motion"); and

- Defendant John Doe # 8's ("John Doe 8") motion to dismiss or in the alternative, issue a protective order to proceed anonymously (Dkt. No. 18, "John Doe 8 Motion") (collectively, Dkt. Nos. 7, 8, 9, 13, 17 and 18 are referred to herein as the "Motions").

Given the similarity of the Motions and their underlying arguments, the Court will address the Motions jointly in this opinion. For the reasons set forth below, the Court grants the Motions of John Does 8, 11, 14 and 21 to sever and dismiss the action against them without prejudice. Additionally, the Court *sua sponte* severs and dismisses the action against all defendants (John Does 2-21) other than John Doe # 1 without prejudice.[2] Finally, the Motions to quash the subpoenas issued to internet service providers ("ISPs") (e.g., Comcast, Verizon) are granted, without prejudice, and the Court *sua sponte* quashes the subpoenas issued to ISPs for all defendants other than John Doe # 1 since they are no longer parties to this action. The pending requests to proceed anonymously are denied as moot.

---

[2] Plaintiff has previously voluntarily dismissed its complaint against Defendants John Does # 7, 12 and 22 and Chung Kim. *See* Dkt. Nos. 28, 29, 31 and 33.

2

Upon the information available to the Court, it seems that John Doe # 1 has yet to: appear in this action, request permission to proceed anonymously or move to quash a subpoena to his or her ISP.[3]

## I. FACTUAL BACKGROUND

The instant action is one of many similar internet copy infringement actions in this District and across the country in which Plaintiff claims that the defendants, identified only by internet IP address and not by name or address, used a common peer-to-peer file sharing protocol, to infringe on Plaintiff's copyrighted works, collectively, in this case, sixteen movies covered by sixteen copyright registrations (the "Works"). (Dkt. 19, "Amended Complaint," ¶¶ 2-4, 12-45). Plaintiff alleges each Defendant installed a peer-to-peer protocol called BitTorrent, allowing Defendants to join a "swarm" so that they are each able to ultimately download full files and view a Work or the Works. *Id* at ¶¶ 19-38. Plaintiff hired IPP, Limited ("IPP"), a computer investigator, "to identify the IP addresses for those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiff's copyrighted work." *Id* at ¶¶ 39.

Accordingly, Plaintiff brought this action on August 13, 2012 against twenty-two (22) John Doe Defendants alleging copyright infringement in violation of 17 U.S.C. § 106 and 501 and contributory copyright infringement. (Dkt. No 1; *see also* Amended Complaint, ¶¶ 48-64). Because the John Doe Defendants' identities are unknown to Plaintiff other than by their IP addresses, on August 16, 2012, Plaintiff moved for Leave to Serve Third Party Subpoenas to obtain "limited, immediate discovery on the Doe Defendants' Internet Service Providers ("ISPs") so that Plaintiff may learn Defendants' true identities." (Dkt. No. 4). On September 5, 2012, the

---

[3] Nothing set forth herein should later preclude John Doe #1 from moving to sever and dismiss and/or quash a subpoena.

Honorable Cathy L. Waldor granted Plaintiff's motion. (Dkt. No. 6; "Order Granting Leave to Serve Third Party Subpoenas"). Following this Court's Order Granting Leave to Serve Third Party Subpoenas and Plaintiff's service of subpoenas on ISPs, six of the John Doe Defendants filed separate motions challenging the Rule 45 subpoenas issued to the ISPs with some seeking severance and/or dismissal for improper joinder. (*See* Dkt. Nos., 7, 8, 9, 13, 17 and 18).

## II.  LEGAL STANDARD

Since most of the Motions seek severance and/or dismissal for improper joinder, the legal standard for joinder is addressed herein. Federal Rule of Civil Procedure 20(a)(2) ("Rule 20") sets forth two conditions which must be satisfied for a plaintiff to permissively join multiple defendants in one action: (A) the claims asserted against the defendants must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences;" and (B) there must be a "question of law or fact common to all defendants." Rule 20(a)(2)(A)-(B). Where a plaintiff has failed to satisfy the conditions of permissive joinder under Rule 20(a), a court may "grant severance or dismissal to the improper party if it will not prejudice any substantial right" to remedy improper joinder pursuant to Fed. R. Civ. P. 21 ("Rule 21"). *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972). Rule 21 provides: "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

Moreover, even where joinder is permissible under Rule 20, a Court may exercise its discretion to sever or drop defendants if it concludes that doing so would further the interests of judicial economy without prejudice to any party. Rule 20(b); Rules 21 and 42(b); *see also Patrick Collins, Inc. v. John Does 1-43*, No. 12-cv-3908, *3 (D.N.J. Feb. 15, 2013) (Hayden, J.) *citing Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc.*, 49 F. Supp. 2d

709, 721 (D.N.J. 1999) ("The decision to sever a claim or to try it separately is left to the sound discretion of the trial court").

### III.   ANALYSIS

Here, there are twenty-two (22) John Doe Defendants.  Some of the Defendants have filed motions to sever/dismiss and quash, some have not.  In the Motions at bar, the John Doe Defendants argue, *inter alia*, that they are improperly joined as defendants, citing various authorities in support, because the instances of accessing Plaintiff's Works did not arise from a single transaction or occurrence required by Rule 20, but rather happened on different dates and times.  *See, e.g.,* Dkt. No. 9, p. 6; Dkt. No. 8, p. 5-6; Dkt. No. 7, p. 7-9.  Plaintiff, in opposition, argues that joinder is proper because: (1) "Defendants' infringement was committed through the same transaction or through a series of transactions;" (2) there are common issues of fact and law; (3) Defendants are jointly and severally liable; and (4) joinder will promote fairness and judicial economy.  *See* Dkt. No. 10, p. 12-23; *see also* Dkt. Nos. 11, 12, 14, 25 and 26.

As the litigants are certainly well aware, over the last year, the voluminous amount of internet infringement actions involving peer-to-peer file sharing has led to some inconsistent holdings.  There is a split among federal courts and even within some districts as to "whether defendants who participated in the same swarm . . . and downloaded the same file satisfy the transaction-or-occurrence standard and can be properly joined."  *See Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 3d 165, 168 (S.D.N.Y. 2012) (holding joinder of 27 defendants improper and *sua sponte* severing John Does 2-27); *see also, e.g., Amselfilm Prod. GMBH & Co. KG v. Swarm 6A6DC and John Does 1-187*, No. 12-cv-3865 (D.N.J. Oct. 10, 2012) (Hochberg, J.) (holding joinder of 187 defendants improper); *Media Products, Inc. v. John Does 1–26,* No. 12 Civ. 3719, 2012 WL 3866492, *2 (S.D.N.Y. September 4, 2012) (holding joinder of 26

defendants improper); *Third Degree Films, Inc. v. Does 1–131,* 280 F.R.D. 493, 497–99 (D.Ariz.2012) (holding joinder of 131 defendants in copyright infringement action is improper); *West Coast Prods., Inc. v. Swarm Sharing Hash Files, et al*., 2012 WL 3560809, *7-8 (W.D.La. Aug. 17, 2012) (finding joinder of 1,980 defendants improper and granting motion to sever); *compare Malibu Media, LLC v. John Does 1–5,* No. 12–cv–2954, 285 F.R.D. 273, 2012 WL 3641291, *3-5 (S.D.N.Y. August 24, 2012) (holding joinder of 5 defendants in copyright infringement action is proper); *Malibu Media, LLC v. John Does # 1-30*, 2012 WL 6203697, *7-8 (D.N.J. Dec. 12, 2012) (Arpert, J.) (finding joinder appropriate and denying motions to sever).

  Despite the split, the recent authority in this District has found joinder in this context inappropriate, and judges have either ordered or recommended severance and dismissal of all claims against all defendants other than one defendant, usually John Doe # 1. *See, e.g., Patrick Collins, Inc.*, No. 12-cv-3908, *5-6 (*sua sponte* severing all John Doe defendants except for one); *Amselfilm Prod.*, No. 12-cv-3865, n. 3 (finding joinder improper and severing and dismissing all John Doe defendants except John Doe 1); *see also Third Degree Films, Inc. v. John Does 1-110*, No. 12-cv-5817, *2 (D.N.J. Jan. 17, 2013) (Falk, J.) (denying motion to quash "in contemplation of severance and dismissal" for improper joinder of 110 John Doe defendants); *Century Media, Ltd. v. John Does 1-77*, 12-cv-3911, 2013 WL 686230, *2-3 (D.N.J. Feb. 27, 2013) (Dickson, J.) (ordering plaintiff to show cause as to why the Court should not recommend *sua sponte* dismissal of all John Doe defendants except for one). In *Amselfilm*, in severing and dismissing all John Doe defendants except for one, Judge Hochberg found joinder of the defendants to be improper "where Defendants' only determinable connection to one another is the similar method of distributing the same work, and where Defendants' alleged

instances of distribution constitute separate transactions." *Amselfilm Prod.*, No. 12-cv-3865, n.

3. Judge Hochberg went on to note that:

> While this Court appreciates that those who participate in the same swarm are virtually "connected" by the same copyrighted work, this Court is not convinced that the purported instances of distribution, as identified by digital rights enforcement company Baseprotect and listed in Schedule B of the complaint, are a part of the same transaction, particularly because they span across various dates and times. Although there may be multiple individuals who distribute pieces of the same work and are thereby described as being in the same swarm, it is probable that different people within the swarm never distribute a piece of the work to the same person, or at the same moment in time. *Third Degree Films,* 280 F.R.D. at 498 (finding that participation in the same swarm does not constitute the same transaction or occurrence or series of transactions or occurrences for purposes of joinder because a particular swarm "can last for many months" and "[d]uring those months, the initial participants may never overlap with later participants"); *see also* June 18, 2012 Declaration of David Farris ¶ 25. Without more connecting them, 187 defendants who have distributed pieces of the work at different times cannot be permissively joined in this case. For joinder to be appropriate, Plaintiff must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction. For example, the Plaintiff might be able to establish joinder by showing that on a certain date and time, a particular subset of the swarm distributed pieces of the work to a common downloader.

*Id.*, at n. 3; *see also Century Media, Ltd.*, 2013 WL 686230, *2-3.

The facts of the instant case are analogous to the *Amselfilm* case where the alleged instances of infringement (or copying) occurred on different dates and times as different transactions. *See* Amended Complaint, ¶ 41, Exhibit A. Further, like in *Amselfilm*, other courts have held that there are too few facts connecting each of the John Doe defendants; that each defendant would likely assert different factual defenses to the allegations creating factual and legal issues not common to all defendants which would require separate adjudication of these issues; and that many of the owners of the IP addresses did not download the Works and thus are not the alleged infringers. *See, e.g., Patrick Collins, Inc.*, No. 12-cv-3908; *SBO Pictures, Inc. v. Does 1-20*, 2012 WL 2304253, at *2 (S.D.N.Y. June 18, 2012); *Third Degree Films v. Does 1-72*, 2012 WL 5464177, at *5 (D. Mass. Nov. 5, 2012); *Media Prods., Inc. v. John Does 1-26*,

7

2012 WL 3866492, at *2 (S.D.N.Y. Sept. 4, 2012). Accordingly, courts have severed and dismissed the action against all John Doe defendants except for one because joinder of the John Doe defendants would not promote judicial economy and fairness. *See, e.g., Patrick Collins, Inc.*, No. 12-cv-3908; *Amselfilm Prod.*, No. 12-cv-3865, n. 3.

This Court fully agrees with the decisions of its colleagues in this District and follows the same reasoning. Therefore, in the interests of judicial economy, the Court, in its discretion, grants the Motions to the extent they seek severance and dismissal and *sua sponte* severs of all of the remaining John Doe Defendants except for John Doe 1, without prejudice to for Plaintiff to re-file its claims against the John Doe Defendants in separate actions.

## IV.     CONCLUSION

For the aforementioned reasons, the Motions of John Does' 8, 11, 14 and 21 to sever and dismiss the action against them are **GRANTED** without prejudice. The Court *sua sponte* severs all defendants (John Does 2-21) from this action other than John Doe # 1 without prejudice. Further, the Motions to quash the subpoenas issued to the ISPs are **GRANTED**, without prejudice, and the Court *sua sponte* quashes the subpoenas issued to ISPs for all defendants other than John Doe # 1.

The Clerk of the Court is directed to terminate Docket Entry Nos. 7, 8, 9, 13, 17 and 18.

s/ Stanley R. Chesler
**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGE**

**Dated:  April 19, 2013**
　.